**Oussi DIAWARA, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Board of Immigration Appeals, Respondent.**

No. 08–5670–ag.

United States Court of Appeals, Second Circuit.

Sept. 3, 2009.

Brian I. Kaplan, Goldberg & Kaplan, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, David V. Bernal, Assistant Director, Lauren E. Fascett, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: GUIDO CALABRESI, B.D. PARKER and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Oussi Diawara, allegedly a native and citizen of the Republic of Congo, seeks review of the October 23, 2008 order of the BIA affirming the July 17, 2007 decision of Immigration Judge ("IJ") Jeffrey L. Romig denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). *In re Oussi Diawara,* No. A099 683 931 (B.I.A. Oct. 23, 2008), *aff'g* No. A099 683 931 (Immig. Ct. N.Y. City July 17, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of an absence of changed nor extraordinary circumstances excusing the

untimeliness under 8 U.S.C. § 1158(a)(2)(D). While the courts retain jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to review constitutional claims and "questions of law," the petitioner in this case has challenged only purely factual determinations and the agency's exercise of discretion. We therefore lack jurisdiction to review the agency's denial of Diawara's asylum application and dismiss the petition for review to that extent. We proceed to consider Diawara's challenge to the agency's denial of his application for withholding of removal and CAT relief. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329–331 (2d Cir. 2006).

When the BIA agrees with the IJ "that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both decisions—or, more precisely, the we review the IJ's decision including the portions not explicitly discussed by the BIA." *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

The agency's adverse credibility finding is supported by substantial evidence. Because Diawara's application was filed after May 11, 2005, the amendments made to the Immigration and Nationality Act by the REAL ID Act apply. Thus, we defer to the agency's credibility determination "unless, from the totality of the circumstances, it is plain that no reasonable factfinder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008). Under this standard, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that the asylum applicant is not credible." *Id.* (emphasis in original) (citing 8 U.S.C. § 1158(b)(1)(B)(iii)).

Here, as the IJ found, Diawara's testimony concerning his parents' birthplace and nationality contradicted his birth certificate and certificate of citizenship, which he had submitted along with his application. Diawara failed to offer any explanation for this inconsistency. Moreover, at his hearing before the IJ, Diawara was unable to identify the name of the political party he allegedly supported in the Republic of Congo, support which he alleges led to his persecution. The IJ also noted numerous additional inconsistencies between Diawara's testimony, application, and written declaration as to the dates on which he allegedly suffered mistreatment. While under 8 U.S.C. § 1158(b)(1)(B)(3), an IJ may rely on any discrepancy to support a credibility determination, no matter how minor, these discrepancies were not, as Diawara claims, collateral or ancillary. Rather, these were material discrepancies that call into question his identity and nationality, not to mention his claim that he was ever persecuted.

Because substantial evidence supports the agency's adverse credibility determination, it did not err in denying Diawara's applications for withholding of removal and relief under the CAT where both claims were based upon the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DIS-

MISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).